COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-140-CR
  
  
EISHMEL 
LEE ASHFORD                                                         APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        On 
July 1, 2002, Arlington Police Department officers Pamela Gold and Carol 
McColgin responded to a call at an Arlington apartment complex.  After 
completing their response to the call, the two officers ran a routine license 
plate check on a car parked in the parking lot of the apartment complex.  
After discovering that the license plate on the car was cancelled, the officers 
initiated a traffic stop.  Because Appellant Eishmel Lee Ashford appeared 
nervous and fidgety, the officers asked Appellant to step out of the 
vehicle.  At Officer Gold’s request, Appellant signed a consent to search 
the vehicle.  During the subsequent search, the officers discovered crack 
cocaine between the driver’s seat and the center console. Appellant was 
arrested and placed in a police patrol car.
        At 
trial, Officer McColgin testified that while Appellant was seated in the patrol 
car, he volunteered several incriminating admissions.  Appellant objected 
to any statements made after he was placed under arrest and took Officer 
McColgin on voir dire.  Outside the presence of the jury, Officer McColgin 
testified that following the arrest, Appellant stated between six and eight 
times that the vehicle he was driving belonged to him and that no one else drove 
it or had access to it.  This information, according to Officer McColgin, 
was not offered in response to any questioning by the officers.  The trial 
court overruled Appellant’s objection to any statements after arrest, ruled 
that Appellant’s statements were not the result of interrogation, and allowed 
the statements into evidence before the jury.  Appellant was convicted of 
possession of a controlled substance.  At the punishment hearing, Appellant 
pled true to the State’s habitual offender notice and the trial court 
sentenced him to thirty-five years’ imprisonment.
        In 
Appellant’s first point, he contends that the trial court committed reversible 
error by failing to suppress Appellant’s custodial oral statements.  We 
review the denial of a motion to suppress for abuse of discretion, giving almost 
total deference to a trial court's determination of historical facts and 
reviewing de novo the court's application of the law.  Carmouche v. 
State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000); Oles v. State, 
993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  At a suppression hearing, the 
trial judge is the sole trier of fact and judge of the credibility of the 
witnesses and the weight to be given their testimony. State v. Ross, 32 
S.W.3d 853, 855 (Tex. Crim. App. 2000); Romero v. State, 800 S.W.2d 539, 
543 ( Tex. Crim. App.1990).  Thus, the trial court may disbelieve any 
portion of a witness' testimony, even if the testimony is uncontroverted.  Ross, 
32 S.W.3d at 855; Allridge v. State, 850 S.W.2d 471, 492 (Tex. Crim. App. 
1991), cert. denied, 510 U.S. 831 (1993).
        Statements 
by a defendant that are the result of custodial interrogation are not admissible 
unless certain requirements, including the giving of Miranda warnings, 
have been met.  See Tex. Code 
Crim. Proc. Ann. art. 38.22, §§ 2-3 (Vernon Supp. 2004).  
Custodial interrogation occurs when a person in custody is subjected to direct 
questioning or its functional equivalent, which occurs when police officers 
engage in conduct that they know is likely to elicit an incriminating response 
from the defendant.  McCrory v. State, 643 S.W.2d 725, 734 (Tex. 
Crim. App. 1982); Lam v. State, 25 S.W.3d 233, 239 (Tex. App.—San 
Antonio 2000, no pet.); Kelley v. State, 817 S.W.2d 168, 173 (Tex. 
App.—Austin 1991, pet. ref'd).  In this case, the State concedes that 
Appellant was in custody when Appellant made the statements in the patrol 
car.  The issue is whether the statement was a result of interrogation or 
its substantial equivalent.  Officer McColgin testified as follows:
  
Q. 
[State] Officer, once you had the Defendant under arrest in the back of your 
patrol vehicle, did he volunteer any information?
 
A. 
Yes, he did.
 
Q. 
Now, when he volunteered this information, had you asked him any questions?
 
A. 
No.
 
Q. 
Was he responding to any question you or Officer Gold had asked?
 
A. 
No.
 
Q. 
What was the information that he volunteered?
 
A. 
He stated that he did not understand what was going on; that that was his 
vehicle and nobody drove it but him.  He stated he had owned that vehicle 
for approximately two months and that nobody had access to that vehicle or had 
driven that vehicle in that time period but him.  And he stated that 
approximately six, seven times.  Eight, probably.
 
 
At 
trial and on appeal, Appellant argued that his statements were the result of 
custodial interrogation, but did not provide any evidence to support this 
assertion.  The trial judge, as sole judge of the credibility and the 
weight to be given the evidence, was free to believe Officer McColgin.  
Accordingly, we hold that the trial court did not err in concluding 
Appellant’s statements were not the result of custodial interrogation.  See 
Lam, 25 S.W.3d at 239; see also Tex. Code Crim. Proc. Ann. art. 38.22, 
§ 3(c) (holding exclusion of oral statements given before Miranda 
warnings administered does not apply to statements containing assertions of 
facts found to be true and that conduce to establish defendant's guilt); Wortham 
v. State, 704 S.W.2d 586, 588 (Tex. App.—Austin 1986, no pet.) (holding 
defendant's statement was product of conversation in squad car in which officer 
asked defendant why he committed offense).  We overrule Appellant's first 
point.
        In 
Appellant’s second point, he asserts that the habitual offender notice set out 
in the indictment was insufficient and therefore fundamentally defective.  
The habitual offender notice set out in Appellant’s indictment in this case 
alleged two prior felony convictions in 1994 and 1989.  Appellant 
challenges the habitual offender notice of the 1989 conviction, which reads as 
follows:
  
. 
. . PRIOR TO THE COMMISSION OF THE OFFENSE OR OFFENSES SET OUT IN THE COUNTS AND 
PARAGRAPHS ABOVE, THE SAID DEFENDANT . . . WAS FINALLY CONVICTED OF THE FELONY 
OFFENSE OF POSSESSION OF A CONTROLLED SUBSTANCE IN THE 297TH DISTRICT COURT OF 
TARRANT COUNTY, TEXAS, IN CAUSE NUMBER 0270319A ON THE 5TH DAY OF JULY, 1989.

 
Appellant 
contends, for the first time on appeal, that the notice is insufficient because 
it failed to put him on notice as to the controlled substance in question.  
Because Appellant failed to timely object to the indictment, he has waived any 
error as to defects in the indictment.  See Tex. Code Crim. Proc. Ann. art. 1.14(b) 
(Vernon Supp. 2004).  We overrule Appellant’s second point.
        Having 
overruled both of Appellant’s points on appeal, we affirm the trial court’s 
judgment.
 
 
                                                                  PER 
CURIAM
 
 
PANEL 
B:   HOLMAN, DAUPHINOT, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 24, 2004
 


NOTES
1.  
See Tex. R. App. P. 47.4.